Evan Livingstone, SBN 252008
**CALIFORNIA RURAL LEGAL ASSISTANCE, INC.**
1160 N Dutton Ave Suite 105
Santa Rosa, CA 95401
Tel.: (707) 528-9941
Fax: (707) 528-0125
Email: evanlivingstone@crla.org

Attorneys for Plaintiff Johnny Phouthahack

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHNNY PHOUTHAHACK<br><br>Plaintiff,<br><br>vs.<br><br>OCWEN FINANCIAL CORPORATION, WILMINGTON SAVINGS FUND SOCIETY, FSB, FRANKLIN CREDIT MANAGEMENT CORPORATION<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR WRONGFUL FORECLOSURE**<br><br>1. Breach of Contract;<br>2. Breach of Implied Covenant of Good Faith and Fair Dealing<br>3. Violation of Civil Code § 2924.17;<br>4. Negligence;<br>5. Unfair Competition (B&P Code §17200);<br><br>DEMAND FOR JURY TRIAL |

Plaintiff JOHNNY PHOUTHACHACK, against Defendants OCWEN FINANCIAL CORPORATION, WILMINGTON SAVINGS FUND SOCIETY, FSB, and FRANKLIN CREDIT MANAGEMENT CORPORATION, alleges as follows:

### INTRODUCTION

1. This is an action for damages incurred by Plaintiff Johnny Phouthachack resulting from a nonjudicial foreclosure of Plaintiff's home by a "zombie" second loan that was discharged in 2015, when the loan's servicer Defendant Ocwen Financial Corporation, issued Plaintiff a 1099-C "cancellation of debt" and stopped sending Plaintiff any loan statements.

2. In June 2020, the second loan rose from the dead, when Defendant Wilmington Savings Fund Society, FSB, through its servicer Defendant Franklin Credit Management Corporation, claiming to be the beneficiary under the subordinate deed of trust that secured the second loan, recorded in prompt succession, a Substitution of Trustee, a Notice of Default, and a

Notice of Trustee's sale, all related to the subordinate deed of trust,

3.   In October 2020, Plaintiff's home was sold at public action to an apparent bona fide purchaser for value without notice of the fact that Plaintiff's second loan had been discharged and was uncollectable.

4.   As a result of Defendants' actions, Plaintiff lost his home, the equity in his home, suffered damage to his credit, and will incur costs relocating to a new home.

## PARTIES

5.   Plaintiff Johnny Phouthachack is an individual, residing in Fresno, California.

6.   Defendant Ocwen Financial Corporation is a corporation, organized and existing under the laws of Florida, with its principal place of business at 1661 Worthington Road Suite 100 West Palm Beach, FL 33409.

7.   Defendant Wilmington Savings Fund Society, FSB is a corporation, organized and existing under the laws of Delaware with its principal place of business at 500 Delaware Avenue, Wilmington, DE 19801.

8.   Defendant Franklin Credit Management Corporation is a corporation, organized and existing under the laws of Delaware, with its principal place of business at 101 Hudson St., 24th Floor, Jersey City NJ 07302.

## JURISDICTION AND VENUE

9.   This court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), because the parties are citizens of different states and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

10. Venue lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in Fresno County, California.

11. Pursuant to Local Rule 120(d), civil actions in the United States District Court for the Eastern District of California arising in Fresno County shall be commenced in the United States District Court sitting in Fresno, California.

/ / /

Complaint for Wrongful Foreclosure

**ALLEGED FACTS**

12. Plaintiff Johnny Phouthachack purchased his home at 2749 East Cromwell Ave, Fresno CA 93720 (the "property") in September 2006.

13. Plaintiff financed the purchase of his home with two loans: a first loan, secured by a senior deed of trust in the amount of $344,000, and a second loan, secured by a subordinate deed of trust in the amount of $86,000. A true and correct copy of this subordinate position Deed of Trust, recorded in the County of Fresno as instrument number 2006-0220218, is attached as Exhibit A.

14. The second loan and its subordinate position deed of trust is the subject of this lawsuit. The original lender and beneficiary under the subordinate deed of trust, was DB Home Lending LLC.

15. Presumably, the second loan was immediately sold, but Plaintiff does not know what entity bought the second loan from DB Home Lending LLC. Plaintiff does know that in 2015, the second loan was serviced by Defendant Ocwen Financial Corporation.

16. In 2015, Defendant Ocwen Financial Corporation cancelled the debt for second loan on the property by issuing a 1099-C to Plaintiff for the full amount owed on the second loan. A true and correct copy of this l099-C "Cancellation of Debt" is attached as Exhibit B.

17. Plaintiff reported the forgiven debt income stated on the 1099-C, to the Internal Revenue Service on his 2015 federal tax return.

18. Despite cancelling the debt for the second loan, Defendant Ocwen Financial Corporation did not record a reconveyance of the subordinate deed of trust for the second loan.

19. Instead, on information and belief, the owner of the second loan and beneficiary of the subordinate deed of trust sold the second loan and assigned to subordinate deed of trust to Defendant Wilmington Savings Fund Society, FSB.

20. After issuing the 1099-C to Plaintiff in 2015, neither Defendant Ocwen Financial Corporation nor Defendant Franklin Credit Management Corporation, nor any other loan servicer, sent Plaintiff any bills or statements related to the second loan.

21. On June 8, 2020, Defendant Franklin Credit Management Corporation, as Servicer for

Defendant Wilmington Savings Fund Society, FSB, claiming to be the present beneficiary under the subordinate deed of trust for the second loan, recorded a Substitution of Trustee substituting ZBS Law, LLP as the new trustee under the subordinate deed of trust. A true and correct copy of this Substitution of Trustee recorded in the County of Fresno as instrument number 2020-0069825, is attached as Exhibit C.

22. On June 8, 2020, ZBS Law, LLP, also recorded a Notice of Default and Election to Sell Under Deed of Trust claiming that Plaintiff was in default on the second loan in an amount of $72,704.46, as of June 5, 2020. A true and correct copy of this Notice of Default recorded in the County of Fresno as instrument number 2020-0069826, is attached as Exhibit D.

23. On September 10, 2020, ZBS Law, LLP, recorded a Notice of Trustee's Sale, claiming that the unpaid balance on the second loan was $146,032.70. A true and correct copy of this Notice of Trustee's Sale, recorded in the County of Fresno as instrument number 2020-0121558, is attached as Exhibit E.

24. On October 7, 2020, Blue Sky Investment Holdings, LLC purchased Plaintiff's home at auction for $65,476.01. Blue Sky Investment Holdings recorded a Trustee's Deed Upon Sale on October 22, 2020 naming itself as Grantee. A true and correct copy of this Trustee's Deed Upon Sale recorded in the County of Fresno as instrument number 2020-0149898, is attached as Exhibit F.

25. As a result of Defendants' actions, Plaintiff lost his home, the equity in his home, suffered damage to his credit, and will incur costs relocating to a new home. The amount of these damages is estimated to be at least $444,980.

## COUNT ONE

### Breach of Contract

(Against Ocwen Financial Corporation and Wilmington Savings Fund Society, FSB)

26. Plaintiff incorporates herein by this reference each and every allegation set forth above, as though fully set forth herein.

27. Upon information and belief Defendant Ocwen Financial Corporation was an assignee or holder in due course of Plaintiff's second loan contract with DB Home Lending LLC,

4

and a beneficiary of the subordinate deed of trust securing the second loan. Thus, Ocwen Financial Corporation assumed all rights, duties and responsibilities under the second loan and subordinate deed of trust.

28. Upon information and belief Defendant Wilmington Savings Fund Society, FSB was an assignee or holder in due course of Plaintiff's second loan contract with DB Home Lending LLC, and a beneficiary of the subordinate deed of trust securing the second loan. Thus, Ocwen Financial Corporation assumed all rights, duties and responsibilities under the second loan and subordinate deed of trust.

29. Upon information and belief, the contract for the second loan requires the lender or its servicer to send the borrower monthly statements advising the borrower of the amount owed, including the principal, interest and all other fees that have accumulated under the second loan contract.

30. Neither Ocwen Financial Corporation, Wilmington Savings Fund Society, FSB, nor Wilmington's servicer Franklin Credit Management Corporation sent Plaintiff any loan statements for the second loan after 2015.

31. Because Defendants Ocwen Financial Corporation and Wilmington Savings Fund Society, FSB breached their contract with Plaintiff by not providing regular statements, the amount of default stated on the Notice of Default recorded June 8, 2020, and the unpaid balance on the Notice of Trustee's Sale recorded on September 10, 2020 were inaccurate.

32. As a result of Defendants' actions or inaction, Plaintiff lost his home, the equity in his home, suffered damage to his credit, and will incur costs relocating to a new home. The amount of these damages is estimated to be at least $444,980.

**COUNT TWO**

Breach of Implied Covenant of Good Faith and Fair Dealing

(Against Ocwen Financial Corporation and Wilmington Savings Fund Society, FSB)

33. Plaintiff incorporates herein by this reference each and every allegation set forth above, as though fully set forth herein.

34. There is an implied covenant of good faith and fair dealing in every contract that

neither party will do anything which will injure the right of the other to receive the benefits of the agreement.

35. Defendant Ocwen Financial Corporation violated the implied covenant of good faith and fair dealing in its contract with Plaintiff for the second loan, when it cancelled the debt for the second loan by issuing a 1099-C to Plaintiff for the full amount owed on the second loan and then selling the second loan to Defendant Wilmington Savings Fund Society, FSB.

36. Defendant Wilmington Savings Fund Society, FSB violated the implied covenant of good faith and fair dealing in their contract by causing to be issued a Notice of Default and a Notice of Trustee's Sale which claimed amounts owed which were discharged or cancelled when Defendant Ocwen Financial Corporation issued a 1099-C to Plaintiff in 2015.

37. As a result of Defendants' actions, Plaintiff lost his home, the equity in his home, suffered damage to his credit, and will incur costs relocating to a new home. The amount of these damages is estimated to be at least $444,980.

### COUNT THREE

#### Violation of Civil Code § 2924.17

(Against Wilmington Savings Fund Society, FSB and Franklin Credit Management Corporation)

38. Plaintiff incorporates herein by this reference each and every allegation set forth above, as though fully set forth herein.

39. Civil Code § 2924.17(a) provides that a notice of default, notice of sale, or substitution of trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure subject to the requirements of Section 2924 shall be accurate and complete and supported by competent and reliable evidence.

40. Civil Code § 2924.17(b) provides that before recording or filing any of the documents described in subdivision (a), a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

41. In this case, the amount of the default in the Notice of Default caused to be recorded by Defendants Wilmington Savings Fund Society, FSB and Franklin Credit Management

Corporation on June 8, 2020, was inaccurate and not supported by competent and reliable evidence.

42. Likewise, the amount of the unpaid balance in the Notice of Trustee's Sale caused to be recorded by Defendants Wilmington Savings Fund Society, FSB and Franklin Credit Management Corporation on September 10, 2020, was inaccurate and not supported by competent and reliable evidence.

43. Civil Code § 2924.12(b) provides that after a trustee's deed upon sale has been recorded, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall be liable to a borrower for actual economic damages pursuant to Section 3281, resulting from a material violation of Section 2924.17 by that mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent where the violation was not corrected and remedied prior to the recordation of the trustee's deed upon sale.

44. If the court finds that the material violation was intentional or reckless, or resulted from willful misconduct by a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent, the court may award the borrower the greater of treble actual damages or statutory damages of fifty thousand dollars ($50,000).

45. Civil Code § 2924.12(h) provides A court may award a prevailing borrower reasonable attorney's fees and costs in an action brought pursuant to this section. A borrower shall be deemed to have prevailed for purposes of this subdivision if the borrower obtained injunctive relief or was awarded damages pursuant to this section.

46. As a result of Defendants' actions, Plaintiff lost his home, the equity in his home, suffered damage to his credit, and will incur costs relocating to a new home. The amount of these damages is estimated to be at least $444,980.

/ / /

/ / /

/ / /

/ / /

/ / /

**COUNT FOUR**

<u>Negligence</u>

(Against All Defendants)

47. Plaintiff incorporates herein by this reference each and every allegation set forth above, as though fully set forth herein.

48. Defendants owed Plaintiff a general duty of care. Further, Defendants owed Plaintiff a statutory duty of care. Civil Code § 2924 and other statute referenced herein, mandate a duty upon the defendants to ensure that appropriate safeguards are put into place prior to any foreclosure sale. These sections were designed specifically to protect homeowners, such as Plaintiff, by preventing the non-judicial foreclosure of property to entities that hold no beneficial interest.

49. Civil Code § 2924(a)(1)(C) provides that a power of sale under a deed of trust shall not be exercised until the trustee or beneficiary of the deed of trust or their authorized agent records a notice of default that contains a statement setting forth the nature of each breach actually known to the beneficiary.

50. Lender was not entitled to dismissal of a borrower's negligence claim where the complaint sufficiently alleged that the lender breached the duty under CC §§ 2924 and 2924c to inform the borrower correctly about the amounts "then due" on the obligations noticed in the notice of default and the foreclosure costs in order to bring the account in good standing. *Susilo v. Wells Fargo Bank, N.A.* (C.D. Cal. June 21, 2011), 796 F. Supp. 2d 1177, 2011 U.S. Dist. LEXIS 66567.

51. Defendant Ocwen Financial Corporation breached its duty of care when it sold the second loan and assigned the subordinate deed of trust after cancelling the underlying debt.

52. Defendants Wilmington Savings Fund Society, FSB and Franklin Credit Management Corporation breached their duty of care, by causing to be recorded a Notice of Default and a Notice of Trustee's Sale based on a cancelled debt and/or interest that was charged without notice or basis in contract.

53. As a proximate result Defendants' breach of their duty of care, Plaintiff lost his home,

the equity in his home, suffered damage to his credit, and will incur costs relocating to a new home. The amount of these damages is estimated to be at least $444,980.

**COUNT FIVE**

Violation of California Business and Professions Code Section 17200, et seq.

(Against All Defendants)

54. Plaintiff incorporates herein by this reference each and every allegation set forth above, as though fully set forth herein.

55. California's Unfair Competition Law ("UCL") prohibits any unfair competition defined as any "unlawful, unfair, or fraudulent business act or practice." Bus. & Prof. Code § 17200.

56. Defendants engaged in unlawful and unfair business practices by breaching their contract with Plaintiff, violating the implied covenant of good faith and fair dealing in their contract with Plaintiff, violating Civil Code § 2924.17, and breaching its duty to Plaintiff to his detriment, as described in detail above.

57. As a result of Defendants' unlawful and unfair business practices, Plaintiff suffered an injury in fact by the loss of his home and damage to his credit rating.

58. Defendant Ocwen Financial Corporation gained an amount yet to be discovered, as a result of its unlawful and unfair business practices, when it sold Plaintiff's second loan and assigned the subordinate deed of trust.

59. Defendants Wilmington Savings Fund Society, FSB and Franklin Credit Management Corporation gained $65,476.01, as a result of their unlawful and unfair business practices, when they sold the property at auction.

60. Plaintiff is entitled to restitution of these illegally got gains in an amount of $65,476.01.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

/ / /

### DEMAND FOR JUDGMENT

Wherefore, Plaintiff JOHNNY PHOUTHACHACK demands judgment against Defendants OCWEN FINANCIAL CORPORATION, WILMINGTON SAVINGS FUND SOCIETY, FSB, FRANKLIN CREDIT MANAGEMENT CORPORATION as follows:

(1) For economic damages pursuant to Civil Code § 3281, in the amount of at least $444,980, and in an amount to be determined at trial;

(2) For general damages in an amount to be determined at trial;

(3) For restitution of $65,476.01, and in an amount to be determined at trial.

(4) For treble actual damages pursuant Civil Code § Civil Code § 2924.12(b);

(5) For attorney's fees pursuant Civil Code § Civil Code § 2924.12(h);

(6) For costs of suit herein incurred; and

(7) For such other and further relief as the court may deem proper.


Dated: December 22, 2020                California Rural Legal Assistance, Inc.

*Evan Livingstone*
Evan Livingstone, Attorneys for Plaintiff
JOHNNY PHOUTHACHACK

## Index to Exhibits

Exhibit A 2006-0220218 Deed of Trust
Exhibit B Ocwen Cancellation of Debt 1099-C
Exhibit C 2020-0069825 Substitution of Trustee
Exhibit D 2020-0069826 Notice of Default
Exhibit E 2020-0121558 Notice of Trustee's Sale
Exhibit F 2020-0149898 Trustees Deed Upon Sale

Exhibit A
2006-0220218 Deed of Trust

Recording Requested By:
DB HOME LENDING LLC
26521 RANCHO PARKWAY SOUTH - STE 210
LAKE FOREST, CALIFORNIA 92630

FRESNO County Recorder
Robert C. Werner
**DOC- 2006-0220218**
Acct 8-Stewart Title Of Fresno County
Monday, OCT 16, 2006 08:00:00
Ttl Pd    $36.00      Nbr-0002324584
                          APR/R1/1-10

And After Recording Return To:
DB HOME LENDING LLC  ATTN: SHIPPING DEPT
26521 RANCHO PARKWAY SOUTH - STE 210
LAKE FOREST, CALIFORNIA 92630
Loan Number: 255598

## RECORDING REQUESTED BY:
## ALLIANCE TITLE COMPANY

12468659-153 ———— [Space Above This Line For Recording Data] ————

# DEED OF TRUST

MIN: 1004872-0000003728-9

THIS DEED OF TRUST is made this 9th  day of OCTOBER, 2006          among the Trustor,
VIENGPHONE PHOUTHACHACK, A SINGLE MAN AND JOHNNY PHOUTHACHACK,
AS TENANTS IN COMMON.

(herein "Borrower"),
ALLIANCE TITLE, 2440 W SHAW AVENUE, FRESNO, CALIFORNIA 93711
(herein "Trustee"),
and the Beneficiary, Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as
hereinafter defined, and Lender's successors and assigns).  MERS is organized and existing under the laws of
Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
DB HOME LENDING LLC, A LIMITED LIABILITY COMPANY
is organized and existing under the laws of  CALIFORNIA          and has an address of
26521 RANCHO PARKWAY SOUTH - STE 210, LAKE FOREST, CALIFORNIA
92630

(herein "Lender").
BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants
and conveys to Trustee, in trust, with power of sale, the following described property located in the County of
            FRESNO          , State of California:
LOT 11, OF TRACT NO. 5067, ACCORDING TO THE MAP THEREOF RECORDED
IN VOLUME 69, PAGE(S) 79, 80 AND 81 OF PLATS, FRESNO COUNTY
RECORDS.
A.P.N.: 404-494-01

The lien of this Deed of Trust is subordinate and inferior to
The lien of the Deed of Trust recorded concurrently herewith

THIS SECURITY INSTRUMENT IS SUBORDINATE TO AN EXISTING FIRST
LIEN(S) OF RECORD.
which has the address of 2749 EAST CROMWELL AVENUE
                                              [Street]
FRESNO                    , California    93720       (herein "Property Address");
        [City]                            [Zip Code]

The lien of this Deed of Trust is subordinate and inferior to
The lien of the Deed of Trust recorded concurrently herewith

CALIFORNIA-SECOND MORTGAGE-1/80
Form 3805 - AS AMENDED FOR MERS          Page 1 of 7          *DocMagic* *eForms* 800-649-1362
                                                              www.docmagic.com

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property"; Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Deed of Trust; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or cancelling this Deed of Trust.

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated OCTOBER 9, 2006          and extensions and renewals thereof(herein "Note"), in the principal sum of EIGHTY-SIX THOUSAND AND 00/100
Dollars (U.S. $ 86,000.00          ), with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on NOVEMBER 1, 2021     ; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

1.   **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2.   **Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

CALIFORNIA-SECOND MORTGAGE-1/80
Form 3805 - AS AMENDED FOR MERS          Page 2 of 7          DocMagic *eForms* 800-649-1362
www.docmagic.com

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

3.   **Application of Payments.**   Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

4.   **Prior Mortgages and Deeds of Trust; Charges; Liens.**   Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5.   **Hazard Insurance.**   Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

6.   **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.**   Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7.   **Protection of Lender's Security.**   If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8.   **Inspection.**   Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9.   **Condemnation.**   The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

CALIFORNIA-SECOND MORTGAGE-1/80
Form 3805 - AS AMENDED FOR MERS                    Page 3 of 7                    DocMagic *eForms* 800-649-1362
www.docmagic.com

**10. Borrower Not Released; Forbearance by Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured

CALIFORNIA-SECOND MORTGAGE-1/80
Form 3805 - AS AMENDED FOR MERS                    Page 4 of 7                    DocMagic *eForms* 800-649-1362
www.docmagic.com

by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which the Property or some part thereof is located. Lender or Trustee shall mail copies of such notice in the manner prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to five days before sale of the Property pursuant to the power of sale contained in this Deed of Trust or at any time prior to entry of a judgement enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**20. Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this

CALIFORNIA-SECOND MORTGAGE-1/80
Form 3805 - AS AMENDED FOR MERS                    Page 5 of 7                    DocMagic *eForms* 800-649-1362
www.docmagic.com

Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled thereto. Such person or persons shall pay all costs of recordation, if any.

**21. Substitute Trustee.** Lender, at Lender's option, may from time to time appoint a successor trustee to any Trustee appointed hereunder an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county where the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this instrument is recorded and the name and address of the successor trustee. The successor trustee shall, without conveyance of the Property, succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**22. Request for Notices.** Borrower requests that copies of the notice of default and notice of sale be sent to Borrower's address which is the Property Address. Lender requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Lender's address, as set forth on page one of this Deed of Trust, as provided by Section 2924(b) of the Civil Code of California.

**23. Statement of Obligations.** Lender may collect a fee not to exceed $15 for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

**24.** The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☒ Balloon Rider | ☐ Planned Unit Development Rider | ☒ Other(s) [specify] |
| ☐ 1-4 Family Rider | ☐ Biweekly Payment Rider | PREPAYMENT RIDER |

### REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action. In accordance with Section 2924B, Civil Code, request is hereby made that a copy of any notice of default and a copy of any notice of sale under the deed of trust (or mortgage) recorded                    , in Book        ,
Page         , records of                    County, (or filed for record with recorder's
serial number                .                    County), California, executed by

as trustor (or mortgagor) in which

is named as beneficiary (or mortgagee) and

as trustee be mailed to

at

NOTICE: A copy of any notice of default and of any notice of sale will be sent only to the address contained in this recorded request. If your address changes, a new request must be recorded.

Signature: _____

CALIFORNIA-SECOND MORTGAGE-1/80
Form 3805 - AS AMENDED FOR MERS          Page 6 of 7          DocMagic *eForms* 800-649-1362
www.docmagic.com

IN WITNESS WHEREOF, Borrower has executed and acknowledges receipt of pages 1 through 7 of this Deed of Trust.

VIENGPHONE PHOUTHACHACK   -Borrower

JOHNNY PHOUTHACHACK   -Borrower

_____ -Borrower

_____ -Borrower

_____ -Borrower

_____ -Borrower

State of California
County of FRESNO

On  10/9/06  before me, Lisa J. Marmolejo, Notary Public
personally appeared VIENGPHONE PHOUTHACHACK, JOHNNY PHOUTHACHACK

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature: _____

LISA J. MARMOLEJO
COMM. #1466556
NOTARY PUBLIC-CALIFORNIA
FRESNO COUNTY
My Comm Exp. Jan. 29, 2008

(Seal)

CALIFORNIA-SECOND MORTGAGE-1/80
Form 3805 - AS AMENDED FOR MERS                    Page 7 of 7                    DocMagic eForms 800-649-1362
www.docmagic.com

Loan Number 255598

# BALLOON PAYMENT RIDER
## TO MORTGAGE/DEED OF TRUST

THIS RIDER is made this 9th     day of OCTOBER, 2006
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust
or Security Deed (the "Security Instrument") of the same date given by the undersigned (the
"Borrower") to secure Borrower's Note (the "Note") to DB HOME LENDING LLC, A
CALIFORNIA LIMITED LIABILITY COMPANY
(the "Lender") of the same date and covering the property described in the Security Instrument and
located at: 2749 EAST CROMWELL AVENUE, FRESNO, CALIFORNIA 93720

(Property Address)

Borrower understands that the Note may be transferred by Lender and by Lender's successors and
assigns. The beneficial owner of the Note from time to time is included within the term "Lender."

**ADDITIONAL COVENANTS.** In addition to covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

**BALLOON PAYMENT NOTICE:** This loan is payable in full at the "Maturity Date" stated in the
Note. Borrower must repay the entire principal balance of the loan and unpaid interest then due.
Lender is under no obligation to refinance the loan at that time. Borrower will, therefore, be required
to make payment out of other assets that Borrower may own, or Borrower will have to find a lender,
which may be the lender that Borrower has this loan with, willing to lend the money. If Borrower
refinances this loan at maturity, Borrower may have to pay some or all of the closing costs normally
associated with a new loan even if Borrower obtains refinancing from the same Lender

THIS LOAN HAS A BALLOON FEATURE, MEANING THAT THE MATURITY DATE
OCCURS AT THE     180th     MONTHLY PAYMENT DUE DATE. THEREFORE, IT
IS ANTICIPATED THAT A SUBSTANTIAL UNPAID BALANCE WILL REMAIN WHICH
BORROWER MUST PAY IN FULL AT THAT TIME.

BY SIGNING BELOW, Borrower acknowledges agreement to the specific provisions of the
Note as described in this Note Rider.

| | | |
|---|---|---|
| _____ 10-9-06 | _____ 10-9-06 | |
| Borrower            Date | Borrower            Date | |
| VIENGPHONE PHOUTHACHACK | JOHNNY PHOUTHACHACK | |

| | | |
|---|---|---|
| _____ | _____ | |
| Borrower            Date | Borrower            Date | |

| | | |
|---|---|---|
| _____ | _____ | |
| Borrower            Date | Borrower            Date | |

ORIGINAL

---

BALLOON PAYMENT RIDER TO MORTGAGE/DEED OF TRUST
Document Systems, Inc. (800) 649-1362



# PREPAYMENT RIDER

Loan Number: 255598

Date: OCTOBER 9, 2006

Borrower(s): VIENGPHONE PHOUTHACHACK, JOHNNY PHOUTHACHACK

THIS PREPAYMENT RIDER (the "Rider") is made this 9th      day of OCTOBER      ,
2006              , and is incorporated into and shall be deemed to amend and supplement the
Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the
undersigned ("Borrower") to secure repayment of Borrower's promissory note (the "Note") in favor of
DB HOME LENDING LLC, A CALIFORNIA LIMITED LIABILITY COMPANY

("Lender").  The Security Instrument encumbers the Property more specifically described in the Security
Instrument and located at

2749 EAST CROMWELL AVENUE, FRESNO, CALIFORNIA 93720
[Property Address]

ADDITIONAL COVENANTS.  In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

## A.    PREPAYMENT CHARGE

The Note provides for the payment of a prepayment charge as follows:

### 6    . BORROWER'S RIGHT TO PREPAY; PREPAYMENT CHARGE

I have the right to make payments of Principal at any time before they are due.
A payment of Principal only is known as a "Prepayment."  When I make a Prepayment,
I will tell the Note Holder in writing that I am doing so.  I may not designate a payment
as a Prepayment if I have not made all the monthly payments due under the Note.

The Note Holder will use my Prepayments to reduce the amount of Principal that
I owe under the Note.  However, the Note Holder may apply my Prepayment to the
accrued and unpaid interest on the Prepayment amount, before applying my Prepayment
to reduce the Principal amount of the Note.  If I make a partial Prepayment, there will be
no changes in the due dates of my monthly payment unless the Note Holder agrees in
writing to those changes.

If the Note contains provisions for a variable interest rate, my partial Prepayment
may reduce the amount of my monthly payments after the first Change Date following my
partial Prepayment.  However, any reduction due to my partial Prepayment may be offset
by an interest rate increase.

 

If within TWENTY-FOUR ( 24    ) months from the date the Security Instrument is executed I make a full Prepayment or one or more partial Prepayments, and the total of all such Prepayments in any 12-month period exceeds TWENTY percent (     20.000 %) of the original principal amount of the loan, I will pay a Prepayment charge in an amount equal to   SIX     (   6    ) months' advance interest on the amount by which the total of my Prepayments within any 12-month period exceeds TWENTY                percent (   20.000  %) of the original principal amount of the loan.

If the Note contains provisions for a variable interest rate, the purpose of the loan is to finance the purchase or construction of real property containing four or fewer residential units or on which four or fewer residential units are to be constructed, and the Note Holder is not a "supervised financial organization," as defined in California Civil Code Section 1916.5, then I may prepay the loan in whole or in part without a Prepayment charge within 90 days of notification of any increase in the rate of interest.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this Rider.


_____ (Seal)
VIENGPHONE                -Borrower
PHOUTHACHACK

_____ (Seal)
JOHNNY  PHOUTHACHACK     -Borrower


_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower


_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

Exhibit B
Ocwen Cancellation of Debt 1099-C

CREDITOR'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no.

OCWEN
P.O. Box 24646
West Palm Beach, FL 33416-4737

If you have any questions, call toll-free: 1-800-746-2936

☐ CORRECTED (if checked)

**1.** Date of identifiable event
09/02/2016

OMB No. 1545-1424

**2.** Amount of debt discharged
$ 88,106.18

**2015**

**3.** Interest if included in box 2
$ 0.00

Substitute
Form **1099-C**

# Cancellation of Debt

DEBTOR'S name, street address (including apt.no.), city, state, and ZIP code

1/29/16 11:48 AM 3   003 2351  201601 29 LAS 2 TI  OCW99C 1 oz DOM LAS2710000*156133 9C

JOHNNY PHOUTHACHACK
2749 E CROMWELL AVE
FRESNO CA  93720-6401

**4.** Debt description
Mortgage-2749 E Cromwell Ave
Fresno, CA 93720

**5.** If checked, the debtor was personally liable
for repayment of the debt   .   .   .   .   .   .   .   ☐

**Copy B**
**For Debtor**
This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported.

CREDITOR'S federal identification number
01-0681100

DEBTOR'S identification number
XXX-XX-8612

Account number (see instructions)
113666079-80322159

**6.** Identifiable event code
F

**7.** Fair market value of property
$ 0.00

Substitute Form **1099-C**

(keep for your records)

Department of the Treasury - Internal Revenue Service

## Instructions for Debtor

You received this form because a Federal Government agency or an applicable financial entity (a creditor) has discharged (canceled or forgiven) a debt you owed, or because an identifiable event has occurred that either is or is deemed to be a discharge of a debt of $600 or more. If a creditor has discharged a debt you owed, you are required to include the discharged amount in your income, even if it is less than $600, on the "Other income" line of your Form 1040. However, you may not have to include all of the canceled debt in your income. There are exceptions and exclusions, such as bankruptcy and insolvency. See Pub. 4681, available at IRS.gov, for more details. If an identifiable event has occurred but the debt has not actually been discharged, then include any discharged debt in your income in the year that it is actually discharged, unless an exception or exclusion applies to you in that year.

**Debtor's indentification number.** For your protection, this form may show only the last four digits of your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN). However, the creditor has reported your complete identification number to the IRS.

**Account number.** May show an account or other unique number the creditor assigned to distinguish your account.

**Box 1.** Shows the date the earliest identifiable event occurred or, at the creditor's discretion, the date of an actual discharge that occurred before an identifiable event. See the code in box 6.

**Box 2.** Shows the amount of debt either actually or deemed discharged.
**Note.** If you do not agree with the amount, contact your creditor.

**Box 3.** Shows interest if included in the debt reported in box 2. See Pub. 4681 to see if you must include the interest in gross income.

**Box 4.** Shows a description of the debt. If box 7 is completed, box 4 also shows a description of the property.

**Box 5.** Shows whether you were personally liable for repayment of the debt when the debt was created or, if modified, at the time of the last modification. See Pub. 4681 for reporting instructions.

**Box 6.** Shows the reason your creditor has filed this form. The codes in this box are described in more detail in Pub. 4681. A—Bankruptcy; B—Other judicial debt relief; C—Statute of limitations or expiration of deficiency period; D—Foreclosure election; E—Debt relief from probate or similar proceeding; F—By agreement; G—Decision or policy to discontinue collection; H—Expiration of nonpayment testing period; or I—Other actual discharge before identifiable event.

**Box 7.** If, in the same calendar year, a foreclosure or abandonment of property occurred in connection with the cancellation of the debt, the fair market value (FMV) of the property will be shown, or you will receive a separate Form 1099-A. Generally, the gross foreclosure bid price is considered to be the FMV. For an abandonment or voluntary conveyance in lieu of foreclosure, the FMV is generally the appraised value of the property. You may have income or loss because of the acquisition or abandonment. See Pub. 4681 for information about foreclosures and abandonments. If the property was your main home, see Pub. 523 to figure any taxable gain or ordinary income.

**Future developments.** For the latest information about developments related to Form 1099-C and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/form1099c*.



Exhibit C
2020-0069825 Substitution of Trustee

Fresno County Recorder
Paul Dictos, CPA

**2020-0069825**

Recorded at the request of:
WFG NATIONAL TITLE INSURANCE

06/08/2020 01:26 07
Titles: 1      Pages: 1
Fees: $19.00
CA SB2 Fees:$75.00
Taxes: $0.00
Total: $94.00

**WFG National-Default Services**

RECORDING REQUESTED BY:
ZBS Law, LLP
AND WHEN RECORDED MAIL TO:
ZBS Law, LLP
30 Corporate Park, Suite 450
Irvine, CA  92606

*1383 209 CAD*

TS No.: 19-59187

*404-494-01*

## SUBSTITUTION OF TRUSTEE

WHEREAS, VIENGPHONE PHOUTHACHACK, A SINGLE MAN AND JOHNNY PHOUTHACHACK, AS TENANTS IN COMMON was the original Trustor, ALLIANCE TITLE was the original Trustee, and **Mortgage Electronic Registration Systems, Inc., as beneficiary, as nominee for DB HOME LENDING LLC, A LIMITED LIABILITY COMPANY, its successors and assigns** was the original Beneficiary under that certain Deed of Trust dated **10/9/2006** and recorded on **10/16/2006**, as Instrument Number **2006-0220218**   of Official Records of **Fresno County, California**; and

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and

WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place and instead of said original Trustee, or Successor Trustee, thereunder, in the manner in said Deed of Trust provided,

NOW, THEREFORE, the undersigned hereby substitutes **ZBS Law, LLP, 30 Corporate Park, Suite 450, Irvine, CA 92606** as Trustee under said Deed of Trust.  Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

Dated:  *6|3|2020*

Franklin Credit Management Corporation as Servicer for
Wilmington Savings Fund Society, FSB, not in its individual
capacity but solely as Certificate Trustee of Bosco Credit II Trust
Series 2010-1

By: _____

Print:  David Behler

Title:   Vice President of Loss Mitigation and Collections

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of  *New Jersey*

County of  *Hudson*

On  *6|3|2020*  before me,  *Giselle Olivera*_____ Notary Public, personally appeared  *David Behler     / V P*_____ who proved to me on the basis of satisfactory evidence  to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of  *NJ*_____ that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _____  (Seal)

GISELLE OLIVERA
NOTARY PUBLIC
STATE OF NEW JERSEY
ID # 50020641
COMMISSION EXPIRES AUG. 4, 2020

Exhibit D
2020-0069826 Notice of Default

P.O. Box 23159
San Diego, CA 92193-3159

IMPORTANT INFORMATION
ENCLOSED



71 96900 2484 0623 3888 6

Mailed On:           6/17/2020
Mailing Number:      0145279-01
Reference Number:    19-59187          ClientID: Zieve000336  CE

Johnny  Phouthachack
2749 E Cromwell
Fresno, CA 93720

GenericAddressInsert.doc

Rev. 07/21/2010

**WFG National-Default Services**

RECORDING REQUESTED BY:
ZBS Law, LLP

WHEN RECORDED MAIL TO:

**ZBS Law, LLP**
30 Corporate Park, Suite 450
Irvine, CA 92606

1383209 CAD

Fresno County Recorder
**Paul Dictos, CPA**

# 2020-0069826

Recorded at the request of:
WFG NATIONAL TITLE INSURANCE

06/08/2020 01:26 07
Titles: 1      Pages: 3
Fees: $25.00
CA SB2 Fees:$75.00
Taxes: $0.00
Total: $100.00

TS No.: 19-59187
APN: 404-494-01

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.**

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

## IMPORTANT NOTICE
# IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY

**COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is __**$72,704.46**__ as of ___**6/5/2020**___, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your Note and Deed of Trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the Note and Deed of Trust or mortgage, the Beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the Beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the Beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your Beneficiary or mortgagee may mutually agree in writing prior to the time



TS No. **19-59187**

the Notice of Sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things. (1) Provide additional time in which to cure the default by transfer of the property or otherwise; or (2) Establish a schedule of payments in order to cure your default; or, both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

**To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:**

**Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Certificate Trustee of Bosco Credit II Trust Series 2010-1**
**c/o Franklin Credit Management Corporation**
**Phone: (800)255-5897**
**C/O ZBS Law, LLP**
**30 Corporate Park, Suite 450**
**Irvine, CA 92606**
**Phone: (714) 848-7920**

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.
**Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN: That **ZBS Law, LLP** is either the original Trustee, the duly appointed substituted Trustee, or acting as agent for the Trustee or Beneficiary under a Deed of Trust dated **10/9/2006**, executed by **VIENGPHONE PHOUTHACHACK, A SINGLE MAN AND JOHNNY PHOUTHACHACK, AS TENANTS IN COMMON**, as Trustor, **to secure certain obligations in favor of Mortgage Electronic Registration Systems, Inc., as beneficiary, as nominee for DB HOME LENDING LLC, A LIMITED LIABILITY COMPANY, its successors and assigns as Beneficiary,** recorded **10/16/2006, as Instrument No. 2006-0220218,** of Official Records in the Office of the Recorder of **Fresno** County, **California** describing land therein as: **As more fully described on said Deed of Trust**

The subject obligation includes **NOTE(S) FOR THE ORIGINAL** sum of **$86,000.00.** A breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of the following:

**The monthly installment which became due on 2/1/2009, along with late charges, and all subsequent monthly installments.**

**You are responsible to pay all payments and charges due under the terms and conditions of the loan documents which come due subsequent to the date of this notice, including, but not limited to; foreclosure trustee fees and costs, advances and late charges.**

**Furthermore, as a condition to bring your account in good standing, you must provide the undersigned with written proof that you are not in default on any senior encumbrance and provide proof of insurance.**

**NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST**

TS No. **19-59187**

**Nothing in this Notice of Default should be construed as a waiver of any fees owing to the beneficiary under the Deed of Trust, pursuant to the terms and provisions of the loan documents.**

That by reason thereof, the present Beneficiary under such Deed of Trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such Deed of Trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

This office is enforcing a security interest of your creditor. To the extent that your obligation has been discharged by a bankruptcy court or is subject to an automatic stay of bankruptcy, this notice is for informational purposes only and does not constitute a demand for payment or any attempt to collect such obligation.

**The requirements of California Civil Code § 2923.5 or 2923.55 do not apply because the loan is not secured by a first lien mortgage or deed of Trust on "owner occupied" residential real property as defined by California Civil Code § 2924.15.**

**Dated: 6/5/2020**                                  ZBS Law, LLP , as Trustee

**Michael Busby, Trustee Sale Officer**



Date: June 17, 2020

T.S. Number: 19-59187

# DEBT VALIDATION NOTICE

1.  The enclosed document relates to a debt owed to:
    **Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Certificate Trustee of Bosco Credit II Trust Series 2010-1** and is currently being serviced by: **Franklin Credit Management Corporation.** The original lender and/or beneficiary was **Mortgage Electronic Registration Systems, Inc., as beneficiary, as nominee for DB HOME LENDING LLC, A LIMITED LIABILITY COMPANY, its successors and assigns**

2.  You may send us a written request for the name and address of the original creditor, if different from the current creditor, and we will obtain and mail the information within thirty (30) days after we receive your written request.

3.  As of **6/5/2020** the total delinquency owed was **$72,704.46**, because of interest, late charges, and other charges that may vary from day to day this amount will increase until the delinquency has been fully paid.  Before forwarding payment please contact the above at the address or phone number listed in order to receive the current amount owed.

4.  As of **6/17/2020**, the amount required to pay the entire debt in full was the unpaid principal balance of **$85,300.79**, plus interest from **1/1/2009**, late charges, negative escrow and attorney and/or trustee's fees and costs that may have been incurred.  The amount will increase daily until the debt has been paid in full.  For further information please contact your current loan servicer.

5.  You may dispute the validity of this debt, or any portion thereof, by sending **written** notification of your dispute to our office within thirty (30) days after receiving this notice.  In that event, we will obtain and mail to you written verification of the debt. Otherwise, we will assume that the debt is valid.

---

## WE ARE ATTEMPTING TO COLLECT A DEBT, AND ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE.

To the extent your personal liability under the note and mortgage/deed of trust has been modified or extinguished by a discharge in bankruptcy, this letter should be construed merely as notification of the lender's intent to seek legal remedies against your property, including foreclosure, and not as a demand for payment from you or an attempt to validate personal liability. However, if you do not make the required payments to reinstate the loan, or dispute the amounts owed as outlined above, legal action will occur.  You are encouraged to consult with your own attorney if you have any questions about your responsibilities with regard to this loan.

---

"The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m.  They may not harass you by using threats of violence or arrest or by using obscene language.  Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work.  For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt.  Collectors may contact another person to confirm your location or enforce a judgment.  For more information about debt collection activities, you may contact the Federal Trade Commission at 1/877/FTC-HELP or www.ftc.gov."

**To the extent that your obligation has been discharged by a bankruptcy court or is subject to an automatic stay of bankruptcy, this notice is for compliance and informational purposes only and does not constitute a demand for payment or any attempt to collect such obligation.**



Summary of Notice of Default

NOTICE OF DEFAULT
SUMMARY OF KEY INFORMATION

The attached notice of default was sent to VIENGPHONE PHOUTHACHACK, A SINGLE MAN AND JOHNNY PHOUTHACHACK, AS TENANTS IN COMMON, in relation to 2749 EAST CROMWELL AVENUE, FRESNO, California 93720.

This property may be sold to satisfy your obligation and any other obligation secured by the deed of trust or mortgage that is in default. VIENGPHONE PHOUTHACHACK, A SINGLE MAN AND JOHNNY PHOUTHACHACK, AS TENANTS IN COMMON has, as described in the notice of default, breached the mortgage or deed of trust on the property described above.

IMPORTANT NOTICE: IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION, and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date the attached notice of default may be recorded (which date of recordation appears on the notice).

This amount is $72,704.46 as of 6/5/2020 and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Certificate Trustee of Bosco
Credit II Trust Series 2010-1
Franklin Credit Management Corporation
Phone: (800)255-5897
C/O ZBS Law, LLP
30 Corporate Park, Suite 450
Irvine, CA 92606
Phone: (714) 848-7920



# *6 Way to avoid foreclosure*

➢ **Forbearance**
- O Forbearance is when your mortgage servicer or lender allows you to temporarily pay your mortgage at a lower payment or pause paying your mortgage. You will have to pay the payment reduction or the pause payments back later.

➢ **Loan modification**
- O A loan modification is different from refinancing your mortgage. Refinancing entails replacing your loan with a new mortgage, whereas a loan modification changes the terms of your existing loan.

➢ **Bank refinance**
- O Getting a new mortgage to replace the original is called refinancing. Refinancing is done to allow a borrower to obtain a better interest term and rate. The first loan is paid off, allowing the second loan to be created, instead of simply making a new mortgage and throwing out the original mortgage.

➢ **Lease/Rent to someone else until you can afford the house later. Temporarily move out and return when you can afford to**

➢ **Retail sale through a REALTOR**

➢ **Sell to an investor**
- O we buy houses call us for a non-obligation offer (408 889 1661) talk to Oscar or flor



Exhibit E
2020-0121558 Notice of Trustee's Sale

Fresno County Recorder
Paul Dictos, CPA

**2020-0121558**

Recorded at the request of:
WFG NATIONAL TITLE INSURANCE

09/10/2020 12:40 33
Titles: 1      Pages: 2
Fees: $22.00
CA SB2 Fees:$75.00
Taxes: $0.00
Total: $97.00

[RECORDING REQUESTED BY]
**ZBS Law, LLP**

[WHEN RECORDED MAIL TO:]
**ZBS Law, LLP**
**30 Corporate Park, Suite 450**
**Irvine, CA 92606**

1383209CDD

[SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY]

T.S. No. 19-59187                APN: 404-494-01

# NOTICE OF TRUSTEE'S SALE

**PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.**

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注 : 本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 10/9/2006.  UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.  IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**
A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described below.  The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below.  The amount may be greater on the day of sale.

Trustor: **VIENGPHONE PHOUTHACHACK, A SINGLE MAN AND JOHNNY PHOUTHACHACK, AS TENANTS IN COMMON**
Duly Appointed Trustee: ZBS Law, LLP  Deed of Trust recorded 10/16/2006, as Instrument No. 2006-0220218, of Official Records in the office of the Recorder of Fresno County, California,
Date of Sale:**10/7/2020** at 10:00 AM
Place of Sale:      At the west entrance to the County Courthouse 1100 Van Ness, Fresno, CA
Estimated amount of unpaid balance and other charges: **$146,032.70**

Note: Because the Beneficiary reserves the right to bid less than the total debt owed, it is possible that at the time of the sale the opening bid may be less than the total debt owed.

Street Address or other common designation   **2749 EAST CROMWELL AVENUE**
of real property:                            **FRESNO, California 93720**
Described as follows:
 As more fully described on said Deed of Trust

A.P.N #.: **404-494-01**
The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above.  If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale.  If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call (714) 848-9272 or visit this Internet Web site www.elitepostandpub.com, using the file number assigned to this case 19-59187.  Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site.  The best way to verify postponement information is to attend the scheduled sale.

Dated:  **9/9/2020**          **ZBS Law, LLP , as Trustee**
                             **30 Corporate Park, Suite 450**
                             **Irvine, CA 92606**
                             **For Non-Automated Sale Information, call: (714) 848-7920**
                             **For Sale Information: (714) 848-9272   www.elitepostandpub.com**


                             **Michael Busby, Trustee Sale Officer**

This office is enforcing a security interest of your creditor. To the extent that your obligation has been discharged by a bankruptcy court or is subject to an automatic stay of bankruptcy, this notice is for informational purposes only and does not constitute a demand for payment or any attempt to collect such obligation.

TS No.: 2016-00961-CA

FRESNO County Recorder
Paul Dictos, C.P.A.
DOC-
2016-0061955-00
Acct 3030-PREMIUM TITLE OF CALIFORNIA
Tuesday, MAY 17, 2016 08:00:00
Ttl Pd    $31.00    Rcpt # 0004532912
CRR/R2/1-5

RECORDING REQUESTED BY:
Premium Title of California

WHEN RECORDED MAIL TO:
Western Progressive, LLC
Northpark Town Center
1000 Abernathy Rd NE; Bldg. 400, Suite 200
Atlanta, GA 30328

TS No.: 2016-00961-CA

APN No.:404-494-01

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

## PURSUANT TO CIVIL CODE 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACION DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

## IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$11,011.96** as of **05/18/2016,** and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

TS No.: 2016-00961-CA

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER
# DEED OF TRUST

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things. (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

**To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:**

**HSBC Bank USA N.A., as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the registered holders of ACE Securities Corp. Home Equity Loan Trust 2007-HE1 Asset Backed Pass-Through Certificates, By Ocwen Loan Servicing, LLC, its attorney in-fact**

**C/O Western Progressive, LLC**
Northpark Town Center
1000 Abernathy Rd NE; Bldg. 400, Suite 200
Atlanta, GA 30328
Servicer Phone: 877-596-8580

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure. **Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN: That Western Progressive, LLC is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 10/09/2006, executed by, **Viengphone Phouthachack, A Single Man and Johnny Phouthachack, As Tenants in Common**, as Trustor, to secure certain obligations in favor of DB HOME LENDING LLC, AS LENDER, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS BENEFICIARY, recorded 10/16/2006, as Instrument No. **2006-0220217**, in Book ---, Page ---, of Official Records in the Office of the Recorder of **Fresno County, California** describing land therein as: **As more particularly described on said Deed of Trust.**

TS No.: 2016-00961-CA

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER
# DEED OF TRUST

Street Address or other common designation of real property:

**2749 East Cromwell Avenue, Fresno, CA 93720**

The subject obligation includes **ONE NOTE(S) FOR THE ORIGINAL** sum of **$344,000.00.** A breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of the following:

**Installment of Principal and Interest plus impounds and/or advances which became due on 11/01/2015 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable.**

**You are responsible to pay all payments and charges due under the terms and conditions of the loan documents which come due subsequent to the date of this notice, including, but not limited to, foreclosure trustee fees and costs, advances and late charges.**

**Furthermore, as a condition to bring your account in good standing, you must provide the undersigned with written proof that you are not in default on any senior encumbrance and provide proof of insurance.**

**Nothing in this notice of default should be construed as a waiver of any fees owing to the beneficiary under the deed of trust, pursuant to the terms and provisions of the loan documents.**

That by reason thereof, the present beneficiary under such deed of trust, has delivered to said duly appointed Trustee, a written request to commence foreclosure, and has deposited with said duly appointed Trustee, a copy of the deed of trust and other documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby. "See Attached Declaration"

TS No.: 2016-00961-CA

YOU MAY DISPUTE THE DEBT OR A PORTION THEREOF WITHIN THIRTY (30) DAYS. THEREAFTER WE WILL OBTAIN AND FORWARD TO YOU WRITTEN VERIFICATION THEREOF. SHOULD YOU NOT DO SO, THE DEBT WILL BE CONSIDERED VALID. IN ADDITION, YOU MAY REQUEST THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT ONE.

2. The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code § 2923.55(f) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since these due diligence requirements were satisfied.

Dated: May 13, 2016

Western Progressive, LLC, as Trustee for beneficiary

**Tanesha Humphrey, Trustee Sale Assistant**

**WESTERN PROGRESSIVE, LLC MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.**

## California Declaration of Compliance
### (Civ. Code § 2923.55(c))

Borrower(s):   Viengphone Phouthachack
               Johnny Phouthachack
Loan No.:      80322159

The undersigned declares as follows:

I am employed by the undersigned mortgage servicer, and I have reviewed its business records for the borrower's loan, including the borrower's loan status and loan information, to substantiate the borrower's present loan default and the right to foreclose. The information set forth herein is accurate, complete and supported by competent and reliable evidence that I have reviewed in the mortgage servicer's business records. Those records reflect *one* of the following.

☐   The mortgage servicer contacted the borrower to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure as required by California Civil Code § 2923.55. Thirty days, or more, have passed since the initial contact was made.

☑   The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code § 2923.55(f) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since these due diligence requirements were satisfied.

☐   The mortgage servicer was not required to comply with California Civil Code § 2923.55 because the individual does not meet the definition of a "borrower" under Civil Code §2920.5(c).

☐   The mortgage servicer was not required to comply with California Civil Code § 2923.55 because the above-referenced loan is not secured by a first lien mortgage or deed of trust that secures a loan on "owner-occupied" residential real property as defined by California Civil Code § 2924.15(a)

Signed and Dated:

By: Ocwen Loan Servicing, LLC, as Servicer for HSBC Bank USA N.A., as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the registered holders of ACE Securities Corp. Home Equity Loan Trust 2007-HE1 Asset Backed Pass-Through Certificates

Angel Ramos
_____          _____  3/4/16
Print Name                        Signature                 Date
Contract Management Coordinator

Exhibit F
2020-0149898 Trustees Deed Upon Sale

Fresno County Recorder
Paul Dictos, CPA

**2020-0149898**

Recorded at the request of:
PLACER TITLE COMPANY AUBURN

10/22/2020 12:50 00
Titles: 1     Pages: 3
Fees: $17.00
CA SB2 Fees:$0.00
Taxes:  $72.05
Total:  $89.05

**RECORDING REQUESTED BY:**

Placer Title Company

**WHEN RECORDED MAIL TO:**

Blue Sky Investment Holdings LLC
2141Tuolumne Street #J
Fresno, CA 93720

---

Order No: P-442390

**SPACE ABOVE FOR RECORDER'S USE ONLY**
APN:  404-494-01

**TRUSTEES DEED UPON SALE**

Document Title

Pursuant to Senate Bill 2 – Building Homes and Jobs Act (GC Code Section 27388.1), effective January 1, 2018, a fee of seventy-five dollars ($75.00) shall be paid at the time of recording of every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted from payment of recording fees, per each single transaction per parcel of real property.  The fee imposed by this section shall not exceed two hundred twenty-five dollars ($225.00)

[X]   Exempt from fee per GC27388.1(a)(2); recorded concurrently "in connection with" a transfer subject to the imposition of documentary transfer tax (DTT)

[ ]   Exempt from fee per GC27388.1(a)(2); recorded concurrently "in connection with" a transfer of real property that is a residential dwelling to an owner-occupier.

[ ]   Exempt from fee per GC27388.1(a)(1); fee cap of $225 reached

[ ]   Exempt from the fee per GC27388.1(a)(1); not related to real property

Failure to include an exemption reason will result in the imposition of the $75.00 Building Homes and Jobs Act fee.  Fees collected are deposited to the State and may not be available for refund.

_____        _____
Signature                                                            Date

---

THIS PAGE IS ADDED TO PROVIDE DECLARATION OF BUILDING
HOMES & JOBS ACT (SB2-2017) FEE EXEMPTION

ADDITIONAL RECORDING FEE APPLIES

RECORDING REQUESTED BY:

WHEN RECORDED TO:
**Blue Sky Investment Holdings, LLC**
**2141 Tuolumne, #J**
**Fresno, CA 93721**

**Forward Tax Statements to address:**
**Same as above**

_____

[SPACE ABOVE LINE FOR RECORDER'S USE ONLY]

TS #: **19-59187**                    Order #: **1383209CAD**
                                      APN: **404-494-01**

# TRUSTEE'S DEED UPON SALE

A.P.N.: **404-494-01**            Transfer Tax: $ _72.05_

"THIS TRANSACTION IS EXEMPT FROM THE REQUIREMENTS OF THE REVENUE AND TAXATION CODE, SECTION 480.3"

The Grantee Herein **was not** The Foreclosing Beneficiary.
The Amount of The Unpaid Debt was **$147,097.44**
The Amount Paid By The Grantee was **$65,476.01**
Said Property Is In The City of **FRESNO**, County of **Fresno**

**ZBS Law, LLP,** as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to **Blue Sky Investment Holdings, LLC** (herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of **Fresno**, State of <u>**CALIFORNIA**</u>, described as follows:

**Lot 11, of Tract No. 5067, according to the Map thereof recorded in Volume 69, Page(s) 79, 80 and 81 of Plats, Fresno County Records.**

Property Address: **2749 EAST CROMWELL AVENUE, FRESNO, California 93720**

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by **VIENGPHONE PHOUTHACHACK, A SINGLE MAN AND JOHNNY PHOUTHACHACK, AS TENANTS IN COMMON** as Trustor, dated **10/9/2006** of the Official Records in the office of the Recorder of **Fresno**, California under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed Trustee, default having occurred under the Deed of Trust pursuant to the Notice of Default and Election to Sell under the Deed of Trust recorded on **10/16/2006**, as Instrument No. **2006-0220218**, of Official records.

## TRUSTEE'S DEED UPON SALE

TS #: **19-59187**
Order #: **1383209CAD**

Trustee having complied with all applicable statutory requirements of the State of California and performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within ten days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

All requirements per California Statutes regarding the mailing, personal delivery and publication of copies of Notice of Default and Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with.  Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on **10/7/2020**.  Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, being **$65,476.01**, in lawful money of the United States, in pro per, receipt thereof is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust.

In witness thereof, **ZBS Law, LLP** as Trustee, has this day, caused its name to be hereunto.

Date: **10/15/2020**

**ZBS Law, LLP**

By: _____

**Geoffrey Neal, Trustee Sale Officer**

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Orange

On 10/15/2020 before me, Tara Buckelew Notary Public personally appeared, Geoffrey Neal who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Tara Buckelew                                    (Seal)

> **TARA BUCKELEW**
> COMM. #2313292
> Notary Public - California
> Orange County
> My Comm. Expires Nov. 22, 2023