Evan Livingstone, SBN 252008
**CALIFORNIA RURAL LEGAL ASSISTANCE, INC.**
1160 N Dutton Ave Suite 105
Santa Rosa, CA 95401
Tel.: (707) 528-9941
Fax: (707) 528-0125
Email: elivingstone@crla.org

Attorneys for Plaintiff Johnny Phouthachack

Bradford E. Klein, SBN 259252
**ZBS Law, LLP**
30 Corporate Park, Suite 450
Irvine, CA 92606
P: 714-848-7920 Ext. 338
F: 714-848-7650
Email: bklein@zbslaw.com

Attorneys for Defendants Wilmington Savings Fund Society, FSB and Franklin Credit Management Corporation

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY PHOUTHACHACK<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>WILMINGTON SAVINGS FUND SOCIETY, FSB and FRANKLIN CREDIT MANAGEMENT CORPORATION<br><br>　　　　　Defendants. | Case No. 1:20-cv-01812-AWI-BAM<br><br>**JOINT SCHEDULING REPORT (L.R. 240, Fed. R. Civ. P. 16); DISCOVERY PLAN (Fed. R. Civ. P. 26(f)); VDRP REPORT (L.R. 271(d)(2))**<br><br>Initial Scheduling Conference<br>Date:　　March 30, 2021<br>Time:　　9:00 A.M.<br>Ctrm.:　　8<br>Judge:　　Hon. Barbara A. McAuliffe<br><br>Complaint Filed: 12/22/2021 |

Plaintiff JOHNNY PHOUTHACHACK and Defendants WILMINGTON SAVINGS FUND SOCIETY, FSB and FRANKLIN CREDIT MANAGEMENT CORPORATION, jointly submit this report pursuant to Local Rule 240:

**<u>Status Conference Subjects – LR. 240</u>**

　　*(1) service of process on parties not yet served:* Not applicable. All parties have been served and appeared.

　　*(2) jurisdiction and venue:* There are no objections to the court's jurisdiction or

venue.

*(3) whether the action is required to be heard by a District Court composed of three Judges, see L.R. 203, or whether the action draws in issue the constitutionality of a statute or regulation under circumstances requiring notice as set forth in 28 U.S.C. § 2403, Fed. R. Civ. P. 5.1 or L.R. 132*: Not applicable.

*(4) joinder of additional parties and amendment of pleadings*: No additional parties have been identified. No amended pleadings anticipated.

*(5) the formulation and simplification of the issues, including elimination of frivolous claims and defenses*: Not applicable at this stage.

*(6) the appropriateness of any variance from the usual filing and service requirements applicable to the action:* Not applicable.

*(7) the disposition of pending motions, the timing of a motion for class certification, see L.R. 205, the appropriateness and timing of summary adjudication under Fed. R. Civ. P. 56, and other anticipated motions:* Defendant may move for summary judgment/adjudication, but only after informal settlement efforts have been exhausted.

*(8) propriety of initial disclosures as contemplated by Fed. R. Civ. P. 26(a)(1); results of the initial discovery conference; anticipated or outstanding discovery, including the necessity for relief from discovery limits; and the control and scheduling of discovery, including deferral of discovery whether to hold further discovery conferences, and other orders affecting discovery pursuant to Fed. R. Civ. P. 26 and 29 through 37:* The parties will comply with the initial disclosure and discovery agreements as outlined below.

*(9) the avoidance of unnecessary proof and of cumulative evidence, and limitations or restrictions on the use of testimony under Fed. R. Evid. 702:* Unknown at this stage.

*(10) the possibility of obtaining admissions of fact and of documents that will avoid unnecessary proof, stipulations regarding the authenticity of documents, and*

*advance rulings from the Court on the admissibility of evidence:* Not applicable at this stage.

*(11) further proceedings, including setting dates for further conferences, for the completion of motions and discovery and for pretrial and trial; the appropriateness of an order adopting a plan for disclosure of experts under Fed. R. Civ. P. 26(a)(2), Cal. Civ. Proc. Code § 2034.210 et seq., or an alternative plan; and the appropriateness of an order establishing a reasonable limit on the time allowed for presenting evidence:* Not applicable at this stage.

*(12) modification of the standard pretrial procedures specified by these Rules because of the relative simplicity or complexity of the action:* Not applicable.

*(13) the appropriateness of an order for a separate trial pursuant to Fed. R. Civ. P. 42(b) with respect to a claim, counterclaim, cross-claim, or third-party claim, or affirmative defense, or with respect to any particular issue in the action:* Not applicable.

*(14) the appropriateness of an order directing a party or parties to present evidence early in the trial with respect to a manageable issue that could, on the evidence, be the basis for a judgment as a matter of law under Fed. R. Civ. P. 50(a) or a judgment on partial findings under Fed. R. Civ. P. 52(c):* Not appropriate.

*(15) appropriateness of special procedures such as reference to a special master or Magistrate Judge or the Judicial Panel on Multidistrict Litigation, or application of the Manual for Complex Litigation:* Parties consent to a magistrate.

*(16) the prospects for settlement and the use of special procedures to assist in resolving the dispute when authorized by statute or these Rules, provided, however, that counsel shall not, in the absence of a written stipulation, reveal any offers made or rejected during settlement negotiations, and counsel shall specify whether they will stipulate to the trial Judge acting as settlement judge and waive any disqualification by virtue thereof:* The parties so stipulate.

*(17) the appropriateness of alternate dispute resolution, such as this District's Voluntary Dispute Resolution Program (VDRP), or any other alternative dispute*

*resolution procedure:* Parties are willing to participate in VDRP. VDRP session should be held after initial disclosures are served, possibly late June 2021.

*(18) any other matters that may facilitate the just, speedy and inexpensive determination of the action:* None.

**Discovery Plan – Fed. R. Civ. P. 26(f)**

*(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:* Parties have agreed to make initial disclosures by 5/23/2021.

*(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:* Plaintiff will serve requests for production of documents. Defendant will also serve written discovery requests, if necessary. After written discovery is completed, parties will assess need for depositions. If no depositions are needed, formal discovery should be completed by September 2021.

*(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:* None anticipated.

*(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:* No issues are expected.

*(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:* Not applicable at this time.

*(F) any other1 orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c):* None

**VDRP Report – L.R. 271 (d)(2)**

*The Parties' Duty to Report.* The parties must report in their status conference report their shared or separate views about referral to the VDRP and when the VDRP session, if any, should occur. In these reports or statements, counsel must represent that they understand and have explained to their clients the VDRP rules and process and that, with their assistance, their clients have carefully considered whether their action might benefit from participation in the VDRP. If all parties stipulate to using the VDRP, these reports or statements must be accompanied by a Stipulation and Order for VDRP Referral in conformity with (i). Parties are willing to participate in VDRP. VDRP session should be held after initial disclosures are served, possibly late June 2021. Counsel will explain the VDRP process to their clients as soon as possible.

Dated: March 23, 2021         California Rural Legal Assistance, Inc.

/s/Evan Livingstone
Evan Livingstone
Attorneys for Plaintiff
JOHNNY PHOUTHACHACK

DATED:  March 23, 2021         ZBS LAW, LLP


By: /s/ Bradford E. Klein
Bradford E. Klein, Esq.
Attorneys for Defendants,
WILMINGTON SAVINGS FUND SOCIETY, FSB and FRANKLIN CREDIT MANAGEMENT CORPORATION